UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

    Plaintiff,

vs.

Case No. _____

UNDERWOOD/Assistant Warden

WILLIAMS WILSON/MD/CD

CHRISTOPHER MCCOY/HSA

R.D. SHEPHERD/CDO

Dr. BUCKLEY/Dentist

Dr. CORTES/Dentist

J.T. Watson/Warden USP/TH

UNITED STATES/FTCA,

    Defendants.

CIVIL RIGHTS COMPLAINT

WITH A JURY TRIAL

DEMAND

**2:19-cv-0355 JMS**

DLP

---

## BIVENS ACTION

The Plaintiff, Wesley I. Purkey ("Purkey or Plaintiff") hereafter, acting pro se herein is a Death Row Inmate being housed on the Special Confinement Unit ("SCU") at the United States Penitentiary, Terre Haute, Indiana (USP/TH). All issues being presented in Purkey's Complaint took place at the USP/TH, whereas such action is being taken pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Investigation,</u> infra and seeks redress as well through the Federal Tort Claims Act (FTCA). Purkey seeks both redress and remedy for the acute, protracted and ongoing deliberate indifference shown to his serious dental needs, whereas he seeks declaratory relief for the ossify Eighth Amendment violation, as well as compensatory and punitive damages in compensation for such protracted and ongoing constitutional violations.

### I.    Jurisdiction, Venue And Causes Of Action

1.    This court has jurisdiction of this case pursuant to 28 U.S.C. §133, inasmuch that all issues herein arise under the Constitution of the United States, and pursuant to 28 U.S.C. §1343(a)(3), because this action seeks redress for deprivations under federal authority, and of civil rights.

2.    Venue is proper in this district court pursuant to 28 U.S.C. §1391.

3.    Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedures and 28 U.S.C. §§2201, 2202.

4.    The Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation,</u> 403 U.S. 388 (1971) to redress the deprivations, under federal

authority, of rights secured by the Constitution of the United States.

5.   The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680 is being invoked authorizing the substitution of the United States as a defendant in this action, as Dr. Shepherd cannot be sued in his individual capacity being a Public Health Service Worker. Hui v. Castaneda, 559 U.S. 799, 801-802 (2010).

## II.    Identification Of Parties

6.   Defendant Underwood / first name unknown, is the Assistant Warden with oversight of USP/IH Health Services and is being sued in both his individual and official capacities.

7.   William E. Wilson, is a Physician and Medical Director at the USP/IH Complex, and is being sued in both his individual and official capacities.

8.   Christopher McCoy, is the Health Service Administrator at the USP/IH Complex and is being sued in both his official and individual capacities.

9.   R. D. Shepherd, is the Chief Dental Officer at the USP/IH and is being sued in both his official and individual capacities.

10.  Defendant Buckley, is a part time Regional Dentist at the USP/IH and is being sued in his individual capacity.

11.  Defendant Cortes, was a full time Dentist at the USP/IH and is being sued in his individual capacity.

12.  J. T. Watson, is the Complex Warden at the USP/IH and he is being sued in both his individual and official capacities.

13.  All the named defendants with exception of Defendant Cortes (who has now retired) can be served summons at: United States Penitentiary, 4700 Bureau Rd., Terre Haute, Indian 47801.

## III.    Factual Allegations / First Cause of Action

The Defendants Did Individually and/or Collectively Show Acute Deliberate Indifference To Purkey's Serious Dental Needs By Systemic Deficiencies In Both Staffing And In Procedural Tactic Policy Practices In Denying Him Adequate Dental Care For Over A Three Year Period

General Facts:

14.   In December 2011 I received a set of partial plates, Dr. Cortes was the dentist who ahd taken impressions and then adjusted the new partial plates after they were provided. At that time Dr. Cortes with his nurse present advised me that, "these plates are made of really fragile material, so be extremely careful with such when handling the.

15.   In November 2014 the Upper Partial Plate broke, whereas Dr. Cortes had the plate mailed out for repair. When the plate was received back after being repaired it was ill fitted and Dr. Cortes did the best he could to adjust the ill fitting plate, although they remained loose and ill fitted. He

2.

reiterated to me again that the material these plates are made of are of low quality and that I needed to be extremely careful with them because they will easily be broken.

16. The same upper-partial-plate was broken again in April 2016, whereas Dr. Cortes advised me that he was going to repair the broken plate's the best he could 'in-house' and get'em back to me as quickly as possible. After the repairs were done the plate caused pain when eating and continued to become more ill fitted as time went by after Dr. Cortes returned them to me May 2016.

17. In July 2016 I ahd a dental examine and Dr. Cortes attempted to adjust the upp-ill-fitting plate the best that he could. He clarified that these junk plates need to be replated and at the end part of the year after I have had both my teeth cleaned and needed dental work completed that he was going to take new molds for new plates. He advised me then that the BOP has now started utilizing higher quality materials (cast mental) for constructing inmates' partial plates. He went to clarify that the new cast-mental plates are extremely durable and fit significantly better than the plates that I have dealt with for the past five years. He noted during this examination the gum swelling and bleeding that was being caused by the ill fitting plates.

18. After filing a BP-8 (Informal Resolution) regarding the broken ill fitting partial plates that were causing significant pain, gum swelling and bleeding I was told that I was scheluded to be seen by dental and fitted for new partial plates. This BP-8 after being filed, copies were afforded to Dr. Shepherd, Dr. Cortes, Dr. Buckley, as well as A.W. Cox who is A.W. Underwoods predecessor. I agreed to sign off on the BP-8 under the promise of new plates being afforded within the immediate future. Contrary to the promises made no such examination and fitting for new plates occurred.

19. Almost seven years after receiving the ill fitted partial plates I was advised by Dr. Buckley on August 18th, 2018 that, he could not guarantee when I would receive fitting for the new partial plates. He clarified that, "we are short of staff right now and I am the only dentist at the USP/IH and of course based on my part time status of being a Regional Director I simply do not have the time to do the work that you need done prior to the fitting for new plates. I will get you lined up to see the dental hygenist for teeth clearing and xray and we will take it from there.

20. Shortly thereafter I spoke with Defendant McCoy about the dentist shortage and the dental problems that I was experiencing because of the ill fitted plates that my gums were bleeding, swelling and when eating significant pain was being suffered. He told me then that, "nothing much that I can do about that, as we are short a dentist - Dr. Cortes is at the FCI, Dr. Shepherd doesn't come over to the USP/IH so that means that Dr. Buckley is the only dentist providing dental treatment for the entire Compound and he is of course a part time Regional Dentist." He went on to retierate that, "I am sorry, I am doing the best I can to locate anoter full time dentist, but to date no success has been found."

21. After filing another BP-8 on November 16th, 2018 seeking redress for the ongoing pain and suffering being experienced because of the ill fitting partial plates, whereas now the low partial plate

3.

was broken as well, and Dr. Buckley several months earlier advised me that there was no possible repair for such and that I simply had to deal with the new dental issue, Dr. Cortes came to my cell on Upper G-Range on November 21st., 2018 regarding the filed BP-8. He readily clarified that the dental problems that I was suffering was obviously due in partial part to the broekn ill fitting partial plates, but the lack of dental staff underscores the problems tenfold. He told me that he was sorry, but there was absolutely nothing that he could about the dental problems that I was suffering, and went onto clarify that, "things are going to get worse before they get better." Why is that I asked him and he told me that, "I am retiting next week and Dr. Shepherd, nor McCoy has a replacement in line for my absence." He went onto clarify that, "the BOP has a policy not to look for additional medical staff until the staff's position is actually vacant." Dr. Cortes advised me that he was sorry that there was nothing that he could do about the pain and suffering that I was experiencing and that – was that. I thanked him for his honesty and advised him that I would go on and file a BP-9. See Appx. (A)/ BP-9.

22.   Through the past three and more years I have sent both emails, as well as copies of my dental sick call request delineating and clarifying the dental problems being experienced to Warden Watson, A.W. Cox and Underwood, as well as to Dr. Shepher and Dr. Wilson, as well as Dr.(s) Cortes and Buckley. Further' I have repeatedly addressed these dental protracted. chronic and going problems with these individuals during their administrative rounds in the SCU which are generally amde every Wednesday and/or Thursday of the week. Generally' each individual advised me that, "they will look into the matter." Defendant McCoy has advised me in the past few months that a new dentist was recently hired, Dr. Van Wagner and was to start at the Federal Correctional Facility sometime in June of this year.

23.   On May 6th, 2019 Dr. Buckley advised me that, "it is going to be another 18 months to two years before I am going to be able to actually repair the teeth needed for fitting you with new partial plates because even with the hiring of the new dentist, Dr. Shepherd is retiring and McCoy has not even found a dentist yet to work full time at the USP. So until a new full time dentist is found the dental work that you need for fitting you for the new plates is going to have to wait and it is going to be around two more years.

### IV.   Second   Cause   Of   Action

The Defendants Actions Individually and Collectively Showed To My Serious Dental Needs, i.e., Broken Upper Right Eye Tooth For Over A Five Month Period Causing Extreme Pain, Swelling And Infection States A Constitutional Violation Under The Eighth Amendment.

24.   In early December 2018 my lower partial plate's broke at the right side, as well as my upper right hand eye tooth was broekn as well. Because of the pain being suffered from the broken eye tooth, and needing the lower plate repaired I submitted a Dental Sick Call Request via the medication nurse making rounds in the SCU the following day. Waiting a week without response I submitted additional Dental Sick

4.

Call Request and was ultimately advised by Ms. Wells/Medical Records that I was scheluded to be seen by Dr. Buckley on 12/13/18. After not being seen by Dr. Buckley on that date I filed A BP-8 seeking redress and remedy for being denied treatment for the broken eye tooth and for the ever increasing pain being suffered because of such. See Appx.(B)/BP-8. This BP-8 was filed December 18th, 2018.

25.   On 12/26/18 Nurse Nimz brought the BP-8 to my cell on Upper G-Range with a response attached to it from A. Booth/Acting AHSA stating that, inter alia, "the pain being suffered from the cracked tooth did not constitute an emergency situation and that I needed to wait my turn on the dental list." id./BP-9. The response acknowledged that due to dental staff shortage - only having a part time Regional Dentist for seeing all the inmates' at the USP that the waiting period for my treatment could be entensive."id.

26.   Between the date that the lower plate and eye tooth were broken, the tooth cracked I filed more than a dozen Dental Sick Call Request, contacted Warden J. Watson, Assistant Warden(s) Cox and Underwood, Dentist Shepherd, HSA McCoy and Dr. Buckley w/o response. The pain was clarified through these materials that I was suffering because of the cracked tooth and ignored.

27.   On April 23, 2019 defendant McCoy advised me at my cell door on Upper G-Range at around 3p.m. during his rounds in the SCU as Duty Officer he told me that, "the problem with the dentist shortage is verbatim the government and its lackadaisical mentality of addressing a foreseeable problem before it takes root such as with Dr. Cortes retiring. The applicable government department knew full well when Dr. Cortes was retiring but did nothing to address the foreseeable problems such retirement was bound to cause until after Dr. Cortes retired and the problems began to proliferate. This type of incompetency would not be tolerated for a minute in the private sector, but it is simply run of the mill for the government," HSA McCoy clarified to me.

28.   ARound this same time while I was at Recreation and HSA McCoy was making Administrative Rounds in the SCU he advised me that, "we have a new dentist coming, a Van Wagner, although that will not cure the problems being experienced at the USP, because she will be taking Dr. Shepherd's spot at the FCI doing dental work, and we still will not have a full time dentist at the USP. So trying to get you in for treatment might still be awhile off despite you having already waiting several months to be treated."

29.   On Thursday, April 25th, 2019 at approximately 9p.m. when being escorted to a Legal Visit with Ms. Michelle Law by C.O. Booker I seen Dr. Buckley in the Dental Room and I told him that I have sent you, Shepherd, Underwood, McCoy and the Warden written request asking for dental treatment in the past several months without response.and my upper eye tooth is killing me. Yes' I have received all of those correspondences which were turned over by those individuals, as well as the numerous Dental Sick Calls submitted since December, but as you know that I am the only dentist at the USP and working only part time and I am sorry but your broken tooth or lower cracked partial plates are not priorities. Entering the visiting room imemdiately advised Ms. Law of the conversation with C.O. Booker present. In fact C.O. Booker after hearing the conversation between myself and Dr. Buckley asked me, "you mean that you have

been waiting to be seen by a dentist since the first part of December for that broken tooth and no one will see you - that is straight-up b.s. I am going to go and talk with Dr. Buckley about this - because this is wrong."

30.  On May 5th, 2019 after suffering five months with the broken/cracked right eye tooth, as well as the infection and swelling I was seen by Dr. Buckley at 12:05 p.m. in the SCU Dental Room. After examining the cracked tooth and taking an xray of such he advised me that, "the problem here is the fact that when I fixed this particular tooth sometime back that I only did a 'partial restoration' of the tooth as required by BOP Policy." Dr. Buckley went onto clarify that when I was seen before any complained about pain being experienced because of this tooth I was seen after I submitted a Dental Sick Call Request and based on BOP internal policy we are only allowed to perform a partial restoration when seeing an inmate through an emergency situation. We can only perform full restoration's when seeing an inmate through regular dental visits. What I am going to do today is actually perform a full restoration on this tooth actually going against internal policy, but the tooth is in bad shape and if I do not perform a full restoration then I will have to pull it. The other lower tooth that you are complaining about is going to have to wait until another day to be fixed. In fact before we can even start to take molds for the new partial plates we will need to go back in an perform full restorations on several of the teeth that only had partial restorations did." Dr. Buckley's nurse acknowledged that what he is telling you about Bop Policy and performing only partial restorations is true, and that is something that we have no control over," she said. "I will do a full restoration today on this upper eye tooth and that will be a permanent fix for it," Dr. Buckley advised me.

31.  After performing the full restoration on the upper eye tooth, Dr. Buckley went onto clarify that, "it is still going to be anyway from 18 to 24 more months before we can start dealing with repair of the teeth that need to be dealt with before we can start to take molds and fitting you for the new cast/mental partial plates. Based on me being only a Regional part time dentist you need to stop submitting all of these Dental Sick Call Request, because they are not going to help you get the partial plates repaired, let alone new ones made. So please stop submitting all of these dental sick call request." Dr. Buckley's nurse witnessed him advising me of this directive first hand.

## V.  Third Cause Of Action

A Claim Of Negligence Is Taken Against The Defendants Individually And Collectively, As Well As Against The United States Pursuant To The Federal Tort Claim Act (FTCA); 28 U.S.C. §1346(b), Which Is Being Substituted For Defendant Shepherd Who Is A Public Health Service Employee.

32.  Plaintiff incorporates paragraphs (14) through (31) as though they were stated fully herein.

## VI.  Plaintiff Has Exhausted All Administrative Remedies

Plaintiff has availed himself off all administrative remedies pursuant to 42 U.S.C. §1997(e) before

bringing this action to court.

## VI.    Prayer For Relief

A.    Issue a Declaratory Judgment as against each Defendant, jointly and severally, that each defendant did, in their personal and professional capacity, while under color of law, deny Plaintiff his civil rights, and show deliberate indifference to his serious dental needs in violation of the Eighth Amendment to the United States Constitution as stated in paragraphs (14) through (32) herein.

B.    Issue a Declaratory Judgment Defendant R. D. Shepherd as the Chief Dental Officer responsible for providing dental services to inmates such as Purkey and showed deliberate indifference to such resposnibility for a protracted number of years; 2) that the BOP had a duty to provide both routine and emergency dental care that Purkey did not receive; and 3) as a result, Purkey's teeth deteriorated, causing extreme protracted pain and suffering, as well as tooth lost because of both their deliberate indifference to such, as well as gross negligence to provide adequate dental care.

C.    That the United States owed a duty to Purkey; 2) that the United States breached that duty; and 3) that breach proximately caused the plaintiff's injuries, pain and suffering. Siner v. Kindred Hosp.Ltd. P'ship, 51 N.E.3d 1184, 1187 (Ind. 2016).

D.    Award compensatory damages against the defendants jointly and severally in the amount of Twenty-Five Thousand Dollars ($25,000.00); and

E.    Award exemplary (punitive) damages againt all defendants, jointly and severally in the amount for Fifty Thousand Dollars ($50,000.00) for the protracted and flagrant deliberate indifference shown to the Plaintiff's seriosu dental needs; and

G.    Award attorney fees, cost of suit and necessary expenses, and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/pro se

## Signed Under Declaration Of Perjury

The undersigned does attest under pains of perjury that the above and foregoing information is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. §1746. Executed on this ___10___ day of July, 2019.

Wesley I. Purkey / declarant