UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY I. PURKEY,                         ) | |
|                                           ) | |
|         Plaintiff,                        ) | |
|                                           ) | |
|     v.                                    ) | No. 2:19-cv-00355-JMS-DLP |
|                                           ) | |
| UNDERWOOD, et al.                         ) | |
|                                           ) | |
|         Defendants.                       ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

On September 4, 2019, the Court screened Wesley Purkey's complaint pursuant to 28 U.S.C. § 1915A(a) and found plausible claims for relief against seven individual defendants. Dkt. 8. Five individual defendants responded by moving to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 31.

Mr. Purkey concedes that one defendant, Dr. Shepherd, is immune to liability in this action. As to the remaining four, the Court again finds that Mr. Purkey has alleged plausible Eighth Amendment claims.

**I. Standard of Review**

The Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). To that end, the complaint need only provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain allegations that collectively "state a claim to relief that is plausible on its

face." *Id.* (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). This review is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Additionally, because Mr. Purkey filed his complaint pro se, it is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Factual Background

At screening, the Court summarized the complaint as follows:

In 2011, Dr. Cortes fitted Mr. Purkey with partial dentures. Since November 2014, his dentures have fit poorly. In 2016, Dr. Cortes told Mr. Purkey that the dentures needed to be replaced. In November 2018, Mr. Purkey's dentures broke.

Since he began experiencing problems with his dentures, Mr. Purkey has been treated by Dr. Cortes and Dr. Buckley, and he has sought help from Dr. Shepherd, Mr. McCoy, Mr. Watson, Mr. Underwood, and Dr. Wilson.

In early December 2018, Mr. Purkey broke a tooth. Although he was initially scheduled for a dentist appointment, it was later canceled because his pain was not deemed an emergency. He contacted Mr. Watson, Mr. Underwood, Dr. Shepherd, Mr. McCoy, and Dr. Buckley [s]eeking treatment. Mr. Purkey's broken tooth was not treated until May 5, 2019. At that time, Dr. Buckley informed him that the tooth was damaged because it was only partially repaired, pursuant to BOP policy, following a previous injury.

> Mr. Purkey has experienced swollen and bleeding gums, pain, and infections due to his dental conditions. His dentures remain broken. In May 2018, Dr. Buckley informed Mr. Purkey that he will not be able to get new dentures for at least 18 months and that he has several other teeth that need to be restored.

Dkt. 8 at 2. The Court found that these allegations supported claims that the seven individual defendants were deliberately indifferent to Mr. Purkey's serious medical needs in violation of the Eighth Amendment. *Id.* at 3.

### III. Analysis

The complaint asserts two sets of allegations. First, Mr. Purkey's dentures have needed to be replaced since at least 2016 and have been broken since November 2018. Second, Mr. Purkey broke a tooth in December 2018, and the defendants delayed the repair of that tooth until May 2019. The defendants seek dismissal on three separate grounds.

First, the defendants assert that Dr. Shepherd is immune to liability in this action because he is a Public Health Service employee. Dkt. 32 at § III(A). Mr. Purkey agrees. Dkt. 38. Accordingly, Dr. Shepherd will be dismissed from this action.

Second, Defendants Watson, Underwood, and Wilson assert that the allegations against them are "general" and are limited to allegations of "complaining" or "filing grievances. " Dkt. 32 at 8. The defendants assert that these allegations are insufficient to support any claim that they were personally responsible for any violation of Mr. Purkey's rights.

"An inmate's correspondence to a prison administrator . . . may establish a basis for personal liability . . . where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781–782 (citing *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996)). "[P]risoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference" *Id.* at 782 (quoting *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997)). Even "nonmedical officers may be found deliberately indifferent if 'they have a reason to believe (or actual

3

knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

The complaint specifically alleges that Mr. Purkey "repeatedly" called his broken dentures and the dental staff's failure to replace them to the attention of Defendants Watson, Underwood, and Wilson. Dkt. 1 at ¶ 23. He did so by sending them e-mails and copies of sick call requests and by speaking with them when they visited his housing unit. *Id.* He also sent Defendants Watson and Underwood requests to have his broken tooth treated. *Id.* at ¶¶ 26, 29. These allegations support reasonable inferences that Defendants Watson, Underwood, and Wilson knew or had reason to believe that Mr. Purkey's serious medical needs were not being treated.

Third, and finally, the defendants allege that the allegations against Defendant McCoy do not describe deliberate indifference. Dkt. 32 at 10–11. In advancing this argument, the defendants have acknowledged only those portions of the complaint in which Defendant McCoy allegedly explained that staffing shortages caused nontreatment of Mr. Purkey's broken tooth and dentures. *Id.* at 10. But the complaint also alleges that Mr. Purkey spoke with Mr. McCoy about his broken tooth and dentures and that Mr. McCoy took no action to get them treated. *See, e.g.*, dkt. 1 at ¶ 20 ("I spoke with Defendant McCoy about the dentist shortage and the dental problems that I was experiencing because of the ill fitted plates that my gums were bleeding, swelling and when eating significant pain was being suffered."), ¶ 26 ("I filed more than a dozen Dental Sick Call Request, contacted . . . HSA McCoy . . w/o response. The pain was clarified through these materials that I was suffering because of the cracked tooth and ignored."), ¶ 29 ("I have sent you, Shepherd, Underwood, McCoy and the Warden written request asking for dental treatment in the past several months without response and my upper eye tooth is killing me."). The complaint alleges a plausible Eighth Amendment claim against Mr. McCoy.

4

### IV. Conclusion and Further Proceedings

The defendants' motion to dismiss, dkt. [31], is **granted** as to Dr. Shepherd. Claims against Dr. Shepherd are **dismissed with prejudice**. The **clerk is directed** to update the docket to reflect that Dr. Shepherd has been **terminated** as a defendant.

The motion to dismiss is **denied** in all other respects. The action **shall continue to proceed** with Eighth Amendment claims against Defendants Watson, Underwood, McCoy, Wilson, Buckley, and Cortes, and with a Federal Tort Claims Act claim against the United States. Defendants Watson, Underwood, McCoy, and Wilson shall have **fourteen days** to answer the complaint.

**IT IS SO ORDERED.**

Date: 5/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I. PURKEY
14679-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov